### 25235. MARKERT v. EQUITABLE LIFE ASSURANCE SOCIETY.

MACINTYRE, J. On February 12, 1935, the Equitable Life Assurance Society of the United States filed suit against Frederick E. Markert, to recover principal, interest and attorney's fees alleged to be due on a promissory note dated July 1, 1930, praying for a special lien on certain land described in a deed given to secure the debt evidenced by the note and bearing the same date as the note. On March 4, 1935, the defendant filed his answer admitting the principal debt, with interest thereon, but denying liability for attorney's fees. On May 7, 1935, while the suit was still pending, the plaintiff exercised a power of sale in its security deed by selling the land. On August 24, 1935, the court, over objection, allowed the plaintiff to amend its petition by pleading said sale, striking all claim for attorney's fees, and asking for a deficiency judgment. On September 4, 1935, the court rejected an amendment to the answer, averring that the plaintiff was not entitled to proceed with its action, because it had exercised the power of sale in its security deed without complying with the requirements of section 1 of the act of the legislature approved March 28, 1935 (Ga. L. 1935, p. 381), that "no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within thirty days after such sale, report the sale to the judge of the superior court of the county in which the land lies, for confirmation and approval, and obtains an order of confirmation and approval thereon." On the same day the court, without the intervention of a jury, rendered a deficiency judgment against Markert, the judgment reciting that the suit was on an unconditional contract in writing, and that no issuable defense under oath had been filed. *Held:*

1. In view of the ruling of the Supreme Court in *Atlantic Loan Co.* v. *Peterson*, 181 *Ga.* 266 (182 S. E. 15), that section 1 of said act of March 28, 1935, can not be applied to a pre-existing contract "without a clear infringement of both the State and Federal constitutions," the court properly allowed the petition to be amended as indicated, on August

24, 1935, and did not err in rejecting the offered amendment to the answer.

2. After ruling on the pleadings as indicated, the court did not err in rendering the deficiency judgment against the defendant for principal, interest, and costs.

Judgment affirmed. *Broyles, C. J., and Guerry, J., concur.*

DECIDED JULY 6, 1936.

*Bloodworth & Bloodworth,* for plaintiff in error.
*Jones, Johnston, Russell & Sparks,* contra.