53131. DARBY & ASSOCIATES, LTD. et al. v.
FEDERAL DEPOSIT INSURANCE CORPORATION
et al.

Deen, Presiding Judge.

1. This is an action for confirmation of a loan deed foreclosure under power, and calls first for a construction of that part of Code § 67-1503 which specifies that there shall be no action for deficiency judgment "unless the person instituting the foreclosure proceedings shall, within 30 days after such sale, report the sale" etc., the objection being that this action is proceeding illegally because the "person" instituting it is not the "person" instituting the foreclosure proceedings. It appears that the grantor gave a note for $1,055,000, secured by real estate, to Hamilton Mortgage Corp., which latter, reserving .01% of its interest to itself transferred the remainder to Hamilton National Bank of Chattanooga. On default these entities commenced foreclosure; sale pursuant thereto was held on February 3, 1976, and they brought in the real estate for $1,075,000. On February 16 the bank was adjudicated insolvent and the Federal Deposit Insurance Corporation was appointed receiver of its assets and later the liquidator of certain properties including this one. On February 20 the mortgage company filed a voluntary petition in bankruptcy which was later converted into a Chapter XI proceeding, and Weems was first the receiver, then the trustee, of this entity. FDIC and Weems in their fiduciary capacities filed the petition for confirmation. Are they the persons instituting the foreclosure sale within the purview of the statute?

The purpose of confirmation hearings is to establish that the sale was fairly conducted and that any disparity between value and sale price, if it exists, is not such as to shock the judicial conscience. Brooks v. Bast, 242 Md. 350, 219 A2d 84, 15 ALR3d 1265, 1271; *Giordano v. Stubbs,* 228 Ga. 75 (3) (184 SE2d 165). Its purpose is to protect the debtor and establish that he has not been overreached by a hungry creditor. In the absence of such statutory safeguards, suit for deficiency judgment could of course proceed without any judicial oversight. *Markert v. Equitable Life Assur. Society,* 53 Ga. App. 598 (186 SE 884). "It is an elementary proposition of law that a statute is never to be construed so as to produce an unreasonable result and so as to defeat its over-all purpose so long as it is open to a construction which will produce a reasonable result consistent with the purpose for which the statute was enacted." *State of Ga. v. Coca-Cola Bottling Co.,* 212 Ga. 630, 635 (94 SE2d 708). We thus read the words "person instituting the foreclosure" as meaning the entity given the right to institute the proceedings under the terms of the instrument. This entity continues to exist in its successors in estate who become so by operation of law — the administrator or executor if the owners dies, the guardian if there is a failure of mental capacity, the trustee in bankruptcy, receiver or liquidator. It is obvious that the legislature did not intend for the rights of the debtor to be affected by such contingencies as death or bankruptcy of the creditor in the 30-day interim period. Further, the creditors involved here, the bank and the mortgage company, continued in existence; they did not vanish from the face of earth. But according to law they could only function through the liquidator and trustee. Viewed either way, the proceeding here did not lack a proper party plaintiff.

2. The appellants complain that when the plaintiffs objected to interrogatories and requests for production seeking the benefit of all appraisals of the property which the plaintiffs had caused to be prepared, the court overruled the objections only as to appraisals made within a six-month period prior to the sale. The question at issue was of course market value at the time of the sale. In determining this the judge has a fairly wide discretion.

"What it may have brought or what it may have been regarded as being worth on the market at times relatively close to the date of sale may be considered as aids in arriving at market value *at the time of sale* — which is what the court is charged with determining." *Thompson v. Maslia,* 127 Ga. App. 758, 764 (195 SE2d 238). There was no error in limiting the period of time during which discovery of these appraisals could be had to that fairly approximating the data on which the creditors' decisions would have been made.

3. The statement of the bidding agent for the creditors that he would have been willing to go as high as $1,225,000 for the property (which was in fact bid in for $1,055,000) does not demand a finding that the market price was higher than the bid price, although it is certainly subject to that construction. Whether the witness thought the higher price was in fact the value of the land or whether other factors would have been involved does not appear. The statement represents no more than a personal opinion in any event; there was other opinion evidence offered indicating a market price lower than that bid. There is no evidence whatever to indicate any interest in purchasing the land on the part of anybody other than the security deed grantees' representatives. Accordingly, the opinion of the witness Thomas as to what his top bid might have been, had he been forced into that position, does not demand a finding that the market value was not approximated.

The trial court properly entered an order of confirmation.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

Argued January 5, 1977 — Decided January 25, 1977.

*Jones & Barnwell, Taylor W. Jones, Troutman, Sanders, Lockerman & Ashmore, Mark S. Kaufman,* for appellants.

*Johnson & Montgomery, William D. Montgomery, Albert Sidney Johnson, John Shiver, Kent T. Stair,* for

appellees.