61494. TAYLOR et al. v. THOMPSON.

CARLEY, Judge.

This is an appeal from an order granting appellee Thompson's petition for confirmation of a non-judicial foreclosure sale pursuant to Code Ann. § 67-1503. Appellants moved to dismiss, contending that there had been no compliance with Code Ann. § 67-1505. The sole issue enumerated as error is the denial of appellants' motion to dismiss for lack of jurisdiction over the person, insufficiency of service of process, insufficiency of process and failure to state a claim.

Pretermitting a determination of the validity of appellants' contention with respect to the alleged non-compliance with the provisions of Code Ann. § 67-1505, we believe that the issues presented in this appeal are moot. The record reveals that appellants executed a promissory note in favor of Thompson in the principal amount of $46,270.00. As security for this note, appellants executed in favor of Thompson a deed to secure debt covering a tract of property located in Jefferson County, Georgia. Following default, Thompson brought suit on the note and recovered a money judgment against appellants in the amount of $57,892.80. Thereafter, Thompson, pursuant to the power of sale in the deed to secure debt, advertised and sold the property for $51,000.00. Within thirty days of the date of the foreclosure sale, Thompson filed his petition pursuant to Code Ann. § 67-1503 seeking confirmation and approval of the non-judicial sale and alleging that proceeds of the sale were insufficient to satisfy the judgment he had obtained on the note. Obviously, Thompson filed this petition for confirmation in contemplation of an action for the deficiency which existed between the amount of the judgment and the proceeds of the foreclosure sale. Therefore, the issue which underlies the instant appeal is whether Thompson would be estopped from further enforcement of his judgment on the note absent confirmation of the sale under power which occurred subsequent to the entry of judgment. If he would not, the instant appeal from the grant of Thompson's petition for confirmation would be moot.

The confirmation statute (Ga. L. 1935, p. 381; Code Ann. § 67-1503 et seq.) was enacted during the Depression when many

mortgagors were forced into bankruptcy by the deficiency judgments which were sought and obtained against them after mortgagees had acquired the property at non-judicial foreclosure sales for nominal or depressed prices. *Thompson v. Maslia,* 127 Ga. App. 758, 761 (195 SE2d 238) (1972). This statute is in derogation of the common law and it has been and must be strictly construed. *First Nat. Bank v. Kunes,* 128 Ga. App. 565 (1) (197 SE2d 446) (1973). Through case law interpretation of this statute several principles have evolved, to wit: The confirmation required by the statute is not an equitable proceeding. *Dockery v. Parks,* 224 Ga. 369 (162 SE2d 332) (1968). The failure to obtain confirmation of a sale does not operate to extinguish the remaining debt; rather, it simply precludes the person exercising the power of sale from instituting suit to obtain a deficiency judgment. *Powers v. Wren,* 198 Ga. 316 (4) (31 SE2d 713) (1944). *Turpin v. North American &c. Corp.,* 119 Ga. App. 212, 217 (166 SE2d 588) (1969). Failure to confirm does not estop a creditor from pursuing other contractual security on the debt. *Salter v. Bank of Commerce,* 189 Ga. 328 (6 SE2d 290) (1939). "A creditor who holds a promissory note secured by a deed is not put to an election of remedies as to whether he shall sue upon the note or exercise a power of sale contained in the deed, but he may do either, or 'pursue both remedies concurrently until the debt is satisfied.' [Cits.]" *Oliver v. Slack,* 192 Ga. 7 (2) (14 SE2d 593) (1941); accord *Marler v. Rockmart Bank,* 146 Ga. App. 548, 549 (246 SE2d 731) (1978); see also *Trust &c. Co. v. First Ga. Bank,* 238 Ga. 309 (1) (232 SE2d 828) (1977).

Applying the foregoing principles to the instant action, we believe that it was unnecessary that Thompson petition for confirmation of the sale of the property. Thompson, prior to foreclosure, brought suit on the note and obtained a judgment against appellants in the amount of $57,892.80. At this juncture, Thompson could have enforced this judgment by execution as authorized under Code Ann. § 67-1501 or he could have exercised the power of sale in the deed to secure debt. *Norwood Realty Co. v. First Federal Savings &c. Assn.,* 99 Ga. App. 692 (1) (109 SE2d 844) (1959); see also *Wilson v. Citizens Bank, Peach County,* 143 Ga. App. 402 (238 SE2d 754) (1977). Thompson elected to exercise the power of sale and, in so doing, obtained $51,000.00 which he applied against the judgment on the note. The question then becomes whether Thompson must comply with the confirmation statute before he can proceed to enforce further his judgment on the note. Under a strict construction of the confirmation statute, we think not. The language of Code Ann. § 67-1503 merely provides that without confirmation "no action may be taken to obtain a deficiency judgment. . ." By virtue of the judgment obtained on the note prior to foreclosure sale, appellants

were indebted to Thompson for the full amount of such judgment. Because of this prior judgment, appellants are liable to Thompson for any sum remaining after application of the proceeds of the foreclosure sale. Thus, there was no purpose to be served by Thompson filing the petition for confirmation of the sale under power because no action for deficiency was necessary. Cf. *Salter v. Bank of Commerce,* 189 Ga. 328, 331, supra.

For the benefit of bench and bar we restate the holding of this case as follows: When a creditor who holds a promissory note secured by a deed to secure debt containing a power of sale sues on the note and obtains a money judgment and thereafter elects to exercise the power of sale in the deed to secure debt, and the proceeds of such sale are not sufficient to satisfy the judgment, he is not required to comply with Code Ann. § 67-1503 before attempting to enforce further his judgment. We are not unmindful that this holding permits the avoidance of judicial confirmation of such foreclosure sale. However, as previously noted, the confirmation statute is in derogation of the common law and requires strict construction. When the creditor wishes to exercise a power of foreclosure prior to obtaining a judgment on the note and thereby save time and expense, he will be required to comply with the confirmation statute before instituting any action for a deficiency judgment. On the other hand, should a creditor elect to resort to the courts and obtain a judgment on the note prior to exercising the power of sale, he will not be required to have such sale confirmed before attempting further enforcement of the judgment. Even in the situation where the creditor is not required to obtain judicial confirmation of the sale, the debtor would still be able to have the sale set aside by a court of equity should the circumstances as set forth in *Giordano v. Stubbs,* 228 Ga. 75, 79 (184 SE2d 165) (1971) be present.

A ruling in the instant action on whether or not the trial court erred in confirming the sale would be of no benefit to appellants. Even a reversal of the order of confirmation would be ineffectual since appellants are subject, by virtue of the prior judgment on the note, to pay the difference between the amount of the judgment and the proceeds of the foreclosure sale. Thus, the issue presented on appeal is moot. *Olds v. Hair,* 116 Ga. App. 401 (157 SE2d 559) (1967); *Benton v. Singleton,* 114 Ga. 548 (4) (40 SE 811) (1901).

*Appeal dismissed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 28, 1981.

*O. Torbitt Ivey, Jr.,* for appellants.

*Wallace H. Pilcher,* for appellee.