68477. MARTIN v. FEDERAL LAND BANK OF COLUMBIA.
(325 SE2d 787)

BANKE, Presiding Judge.

This is an appeal from an order granting the appellee's petition for confirmation of a foreclosure sale. *Held*:

Pursuant to OCGA § 44-14-161 (c), the trial court is required not only to determine whether the property sold brought its true market value but also to "pass upon the legality of the notice, advertisement, and regularity of the sale." See generally *Wall v. Fed. Land Bank of Columbia*, 240 Ga. 236, 237 (240 SE2d 76) (1977); *Walker v. Northeast Prod. Credit Assn.*, 148 Ga. App. 121, 122 (251 SE2d 92) (1978). The statute is in derogation of common law and must be strictly adhered to. See *Taylor v. Thompson*, 158 Ga. App. 671, 672 (282 SE2d 157) (1981).

No evidence appears in the transcript of the hearing on the confirmation petition tending to indicate either that the sale was properly advertised in accordance with OCGA § 44-14-162 or that the appellant was properly notified of the sale in accordance with OCGA § 44-14-162.1. It follows that the judgment of confirmation must be reversed. The remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed. McMurray, C. J., Birdsong, P. J., Carley and Benham, JJ., concur. Deen, P. J., Pope, Sognier, and Beasley, JJ., dissent.*

DECIDED NOVEMBER 29, 1984 —
REHEARING DENIED DECEMBER 20, 1984 —

*Robert S. Reeves*, for appellant.
*L. C. Anderson, Steven N. Cardon, Robert D. Wildstein*, for appellee.

POPE, Judge, dissenting.

I respectfully dissent. The majority cites two grounds in support of its reversal of the superior court's confirmation of the subject foreclosure sale — viz., the lack of evidence that the sale was properly advertised pursuant to OCGA § 44-14-162, and the lack of evidence that appellant was properly notified of the sale pursuant to OCGA § 44-14-162.1. However, the record discloses that neither of these grounds was raised by appellant in the court below; thus, neither ground can form the basis for a reversal in this court. Indeed, the testimony given by appellant himself would support a finding that appellee had complied with both Code sections. See T. 46-51. In my view, the superior court's findings of fact and conclusions of law are supported by the evidence of record and adequately explain the decision rendered. Therefore, I would affirm the judgment of the superior court.

I am authorized to state that Presiding Judge Deen and Judge Sognier join in this dissent.

BEASLEY, Judge, dissenting.

I would affirm, but for different reasons than expressed by my brother, although I agree with the majority that a consideration of Enumeration of Error No. 4 would dispose of the case.

Appellant complains that the trial court erred in confirming the sale in that there is no evidence from which the court could determine that the sale was regularly conducted, that adequate and proper notice was given, or that the advertisement was legally sufficient. The law provides: "at the hearing the court shall also pass upon the legality of the notice, advertisement, and regularity of the sale. . . ." OCGA § 44-14-161 (c).

The statutory scheme, which must be strictly adhered to because it is in derogation of common law, was not followed by the trial court in that it did not pass upon these three matters:

(1) Nowhere in its order is there a finding of fact regarding the notice given to the landowner upon which it could even be implied that the court drew the conclusion of law that the notice was legal. Nor did the court set out such a conclusion in its order.

(2) The court did set out findings of fact regarding the advertisement. It stated that the property was advertised for sale for four successive weeks preceding the first Tuesday in April, which was the date of the sale, and that the sale commenced at 10:00 a.m. on that day and concluded prior to 4:00 p.m. However, it did not pass upon the legality of this advertisement as having met the requirements of OCGA § 44-14-162.

(3) Nor did the court expressly pass upon the regularity of the sale, although it can be fairly inferred from the total order that the

court found and concluded that the sale itself was regular.

The statutory scheme puts the burden on the trial court to pass upon these three issues which are made by the law rather than by the pleadings or contentions of the opposing parties. The statute does not put the burden on the defendant to challenge these procedures but rather on the court, as part of its judicial duty in such cases, to examine and rule on them. It is not just a matter of ruling on issues made by the parties and confirming the sale, but the issues made by the law must be dealt with also, because the law seeks to assure that before a person is deprived of his real property by foreclosure, the steps required by the law are taken. The statute must be so construed to impose this affirmative duty, because there would be no purpose in statutorily setting it out if the legislature contemplated that such issues would only arise if the landowner challenged the procedure followed. The statutory requirement on the judge would be superfluous if it was not intended to put an additional affirmative duty on the judge, because without it, the landowner could himself raise the issues. On the other hand, of course, the landowner could waive these statutory steps, but the trial court would have to so find in passing on their legality and it did not do so here.

The trouble is that appellant does not raise this omission as error. He should be required to do so in the trial court, in order to preserve his right to complain on appeal, even though the burden is initially on the trial court to pass on these questions without the landowner making an issue of them. The failure to fully comply with the statutory procedure and enter a complete order below should not be entertainable in the appellate court unless the ground was raised by the complainant below. Certainly there was ample opportunity to do so, such as is contemplated by OCGA § 9-11-52 (b) and as expressly invited by the trial court in this case. Failure to raise that ground below or even here should preclude the majority's deciding the case on it.

If appellant had complained below that the court failed to pass on the issues set out in subsection (c), or even if we allowed him to raise this initially in this court, I would not reverse outright but would reverse and remand with direction to the trial court to pass on these issues of notice and advertisement, after which either party could appeal anew.

But that is not the posture of this case, and we must look at what it is appellant complains of. He says there is no evidence from which the court below could pass favorably to appellee on the issue of regularity of the sale. About that there does not seem to be any disagreement of my brethren, and I agree. The evidence adduced at the hearing and basically undisputed as to the facts, would support the legal conclusion that the sale was regular.

The landowner also complains that there was no evidence from which the court could determine that adequate and proper notice was given. The court did not make findings of fact with regard to notice, nor did it draw any legal conclusions upon an application of the law's requirements for notice. But appellant is right. There is no evidence that the statutory notice was given as required by OCGA §§ 44-14-162.1, -162.2, -162.3, -162.4. All we have is that the debtor was present, so it may be assumed he had notice. But whether it was proper notice is not determinable. The bank did not even allege that it gave notice to the debtor in its complaint. If the statutory notice was not given, the trial court would have had to find that the landowner waived it in order to pass upon the issue of legality of notice favorably to the creditor.

Appellant also complains that there was no evidence from which the court could determine that the advertisement was legally sufficient. As stated earlier, the court did make certain findings of fact regarding the advertisement, but it drew no legal conclusions about it and thus did not make a judicial determination as to whether the advertisement met the requirements of the statute. The evidence is deficient in this regard, and it appears that the court's findings were bottomed on Exhibit "C" of the Complaint for Confirmation of Sale. While that exhibit was not in evidence, even if it were considered as evidence, it does not establish that the item was in fact published. The court, in making its finding, would have had to rely on the contentions of the creditor in the complaint that advertisement occurred as required by the security deed. Whether that would have met the requirements of OCGA § 44-14-162 is another question, but it need not be reached because defendant did not have to file an answer contesting proper advertisement in order to impose upon the court the duty to pass upon the issue. As suggested earlier, the issue was made by the law itself and not by the pleadings of the parties.

With all of this procedural error and deficiency, I would affirm the judgment below because the appellant did not properly raise the ground in the trial court, where it may have been satisfied by further order with or without hearing. The goal of the law is to assure that foreclosure proceed with full protection to the debtor who is losing his real property. The law provides not only a specific procedure for the sale. It provides also a specific procedure for establishing a record of what transpired concerning the sale as well as a specific procedure for establishing a record of proceedings below which will adequately raise and preserve issues for review and not for original consideration.

I am authorized to state that Presiding Judge Deen joins in this dissent.