### 69631. WORTH v. DOUGLAS PRODUCTION CREDIT ASSOCIATION.
(328 SE2d 421)

CARLEY, Judge.

Appellant appeals from an order confirming the sale by appellee of real property pursuant to a power of sale.

1. Pursuant to OCGA § 44-14-161 (c), the trial court is required to determine not only whether the property sold brought its true market value, but also to "pass upon the legality of the notice, advertisement, and regularity of the sale." The order in the instant case specifically states that appellant "was given at least five days notice of [the confirmation] hearing as directed by the Court and it further [appears] from the evidence submitted that the notice and advertisement and sale were legal and regular . . . ." Compare *Martin v. Fed. Land Bank,* 173 Ga. App. 142 (325 SE2d 787) (1984). On appeal, appellant attacks the evidentiary basis for the trial court's finding that there was compliance with the notice and advertisement requirements.

At the conclusion of the confirmation hearing, appellant's counsel responded affirmatively when the trial court inquired whether his "only contention is the value; is that correct?" After receiving an affirmative response to that question, the trial court then specifically asked appellant's counsel the following: "You have no contention about the validity of the foreclosure sale, as far as notice, advertisement, and so forth?" The response of counsel was: "Well, I don't think there is any. I haven't made any point on it." The trial court then stated: "So, the sole issue on the confirmation is whether or not the property brought fair market value at the sale." The response of appellant's counsel was "yes." This colloquy demonstrates that appellant's counsel "orally agreed in open court that [he] made no contentions with regard to the 'mechanical' aspects of the sale, and that the sole issue would be whether the property sold at its true market value. [His] agreement to forgo any question as to the technical regularity of the sale is binding and may not now be withdrawn. [Cits.]" *Grizzle v. Fed. Land Bank*, 145 Ga. App. 385, 389 (244 SE2d 362) (1978). There being an express waiver as to all issues except fair market value, appellant may not question on appeal the evidentiary sufficiency of the trial court's findings as to those waived issues. Compare *Martin v. Fed. Land Bank*, supra.

2. Appellant asserts that the evidence did not authorize the trial court's finding that the property brought its true market value. Our review of the transcript demonstrates sufficient evidence to support the trial court's finding in this regard. See generally *Harris & Tilley, Inc. v. First Nat. Bank*, 157 Ga. App. 88, 89 (1) (276 SE2d 137) (1981).

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, J., concurs specially.*

DECIDED MARCH 12, 1985.

*J. Laddie Boatright*, for appellant.
*Jimmy J. Boatright, M. Theodore Solomon II*, for appellee.

BEASLEY, Judge, concurring specially.

I agree. The trial court fulfilled its affirmative duty when it (1) assured itself by the express and explicit statements of condemnee's counsel, elicited by the court, that there was no issue as to the legality of the notice, advertisement, and regularity of the sale and (2) concluded in the record that these procedural requirements for confirmation had been met. The court was authorized to pass on these matters

based on the statements *in judicio*.