## A91A1805. VAUGHAN v. MOORE.
(415 SE2d 47)

CARLEY, Presiding Judge.

In connection with his purchase of real property, appellee-defendant executed both a promissory note and a security deed in favor of appellant-plaintiff. When appellee defaulted, appellant initiated the instant action on the note. Also, pursuant to the powers contained in said security deed, appellant caused the real property to be sold at foreclosure sale. When appellant failed to have the sale of the realty confirmed pursuant to OCGA § 44-14-161, appellee moved for summary judgment. The trial court granted summary judgment in favor of appellee and appellant appeals.

" 'A creditor who holds a promissory note secured by a deed is not put to an election of remedies as to whether he shall sue upon the note or exercise a power of sale contained in the deed, but he may do either, or "pursue both remedies concurrently until the debt is satisfied." [Cits.]' [Cits.]" *Taylor v. Thompson*, 158 Ga. App. 671, 672 (282 SE2d 157) (1981). Although *concurrent pursuit* of both remedies is not barred, it is nevertheless clear that if it is the foreclosure remedy

that is pursued to an *initial conclusion*, the creditor must then comply with OCGA § 44-14-161 so as to retain the right of *continued pursuit* of his remedy of obtaining a judgment against the debtor. "[*N*]*o action* may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon." (Emphasis supplied.) OCGA § 44-14-161 (a). *Continuing* to pursue a lawsuit on a promissory note *after* the foreclosure proceedings have been concluded obviously constitutes "action" on the part of the creditor to obtain a *deficiency* judgment against the debtor.

If appellant had initially obtained a judgment against appellee *then* he would not have been required to comply with OCGA § 44-14-161. "By virtue of the judgment obtained on the note prior to foreclosure sale, [appellee would be] indebted to [appellant] for the full amount of such judgment. Because of this prior judgment, [appellee would be] liable to [appellant] for any sum remaining after application of the proceeds of the foreclosure sale. Thus, there [would be] no purpose to be served by [appellant] filing the petition for confirmation of the sale under power because no action for deficiency [would be] necessary. [Cit.]" *Taylor v. Thompson*, supra at 672-673. However, appellant did *not* obtain a judgment against appellee prior to the foreclosure sale. Therefore, he *was* required to comply with OCGA § 44-14-161. "When the creditor wishes to exercise a power of foreclosure prior to obtaining a judgment on the note and thereby save time and expense, he will be required to comply with the confirmation statute before instituting [or continuing] any action for a deficiency judgment." *Taylor v. Thompson*, supra at 673. Since it is undisputed that appellant did not comply with the applicable provisions of OCGA § 44-14-161, it necessarily follows that the trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. Judge Arnold Shulman concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the ruling in this case, but I do not agree completely with *Taylor v. Thompson*, 158 Ga. App. 671 (282 SE2d 157) (1981), the case primarily relied upon.

Part of the rationale in *Taylor* is that a confirmation of the foreclosure sale "would be of no benefit to" the debtor. Id. at 673. There could indeed be a benefit, because if the court found that the sale did not represent the true market value of the property, OCGA § 44-14-161 (b), the enforcement of the money judgment on the note would be affected to the debtor's advantage. Rather than what might be insuffi-

cient or defectively arrived at proceeds of the sale being automatically applied by the creditor to the judgment, the debtor would have judicial scrutiny to be sure the amount was adequate and the statutory procedure complied with. Without the confirmation, the debtor could be short-changed in what is applied to reduce the judgment.

The court in *Taylor* assumes that the creditor will save time and expense by foreclosing on the property before obtaining a judgment on the note, implying that requiring confirmation should therefore not be onerous. However, a simple suit on a defaulted note does not necessarily require a greater period of time or greater expense than does a foreclosure.

*Taylor* recognizes the unassailable principle that "the confirmation statute is in derogation of the common law and requires strict construction." Id. at 673. If that be so, then why not strictly construe the provision in OCGA § 44-14-161 (a) that "no action may be taken to obtain a deficiency judgment unless" there is judicial confirmation and approval of the sale? Enforcement of the prior judgment on the note, by means statutorily provided, is no less legal "action" than the filing of a suit. Enforcement is, in effect, that of a "deficiency" judgment, because the judgment on the note must be credited with the proceeds of the sale; what is left is a "deficiency" as surely as is a deficiency when suit is not brought until after the sale and confirmation.

That is to say, because the proceeds of the sale must be applied in at least partial satisfaction of the earlier-obtained judgment on the note, it is in effect a deficiency judgment if a foreclosure is accomplished. "A deficiency judgment is the 'imposition of personal liability on mortgagor for unpaid balance of mortgage debt after foreclosure has failed to yield full amount of due debt.' [Cit.]" *Redman Indus. v. Tower Properties*, 517 FSupp. 144, 151 (5) (N.D. Ga. 1981). We must look at the substance of things, not merely their form, and as said by the court in *Redman Indus.*, "when a secured creditor seeks to satisfy its claim from property of a debtor other than the security itself, the creditor is in substance seeking a deficiency judgment." Id.

Just as the sale was not legally complete until judicial confirmation and approval was obtained in this case, so should be the case when the sale is subsequent to the judgment on the note. As recognized at the outset in *Taylor*, the confirmation statute was enacted to protect mortgagors.

Finally, *Taylor* suggests that if the foreclosure sale was defective for some reason, the creditor who was not required to obtain confirmation would be subject to a suit in equity. But this would be a far more costly and cumbersome remedy than simply requiring a confirmation in the first place, close in time to the sale and so to the evidence that it produced the "true market value" of the property.

Moreover, a suit in equity requires a higher standard in order for the debtor to obtain relief. "It is only when the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price that such a sale may be set aside by a court of equity. [Cits.]" *Giordano v. Stubbs*, 228 Ga. 75, 79 (3) (184 SE2d 165) (1971). The creditor has a much heavier burden in confirmation proceedings. See *Martin v. Fed. Land Bank of Columbia*, 173 Ga. App. 142 (325 SE2d 787) (1984).

Thus, although I agree with the ruling made here, I do not want to be regarded as agreeing with the decision in *Taylor*, or in Division 2 of *Georgia R. Bank &c. Co. v. Griffith*, 176 Ga. App. 198 (335 SE2d 417) (1985), which follows it.

DECIDED JANUARY 28, 1992.

*Brown & Romeo, Robert T. Romeo*, for appellant.
*Gary C. Harris*, for appellee.