A09A0341. IWAN RENOVATIONS, INC. et al. v. NORTH ATLANTA NATIONAL BANK.
(673 SE2d 632)

BLACKBURN, Presiding Judge.

North Atlanta National Bank ("Bank") brought this action against Iwan Renovations, Inc., and Dave Iwan (collectively "defendants"), seeking recovery on a promissory note and a guaranty. Following the denial of their motion for summary judgment and the grant of summary judgment to the Bank, defendants appeal, arguing that the trial court erred in (i) finding that the Bank's lawsuit was not a claim for a deficiency judgment requiring judicial confirmation under OCGA § 44-14-161, (ii) finding that the Bank could maintain its collection action against defendants, and (iii) awarding the bank

---

attorney fees under OCGA § 13-1-11. For the reasons set forth below, we reverse the grant of summary judgment to the Bank and also reverse the denial of summary judgment to the defendants except as to the issue of whether Dave Iwan remains liable as guarantor, which we do not address.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1] "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." *McCaskill v. Carillo.*[2]

So construed, the evidence shows that on May 18, 2005, Iwan Renovations executed a promissory note in favor of the Bank for the principal sum of $338,000 in order to purchase property and to build a home thereon. The note was secured by a construction security deed to the purchased property, and a guaranty of its payment was executed by Dave Iwan. On November 15, 2005, the Bank and Iwan Renovations executed a "Change in Terms Agreement" to increase the note's principal to $360,150 and to extend the maturity date. One month later, the parties again agreed to extend the note's maturity date. In both instances, the security deed was also modified to reflect the note's new maturity date.

At the same time that the first note was modified for the second time, Iwan Renovations requested additional funds so that it could complete the construction of the home on the property. However, because the Bank's internal guidelines prohibited any additional increases in the first note's principal, the Bank and Iwan Renovations decided to execute a second and separate promissory note. Thus, on December 19, 2005, the parties executed a second promissory note for the principal sum of $25,000. This second note was secured by a second construction security deed to the same purchased property. In addition, both promissory notes and both security deeds contained a cross-default clause, which stated that a default by the borrowers under any term of one note would be a default on the other.

On June 26, 2006, the parties agreed to extend the maturity date for both notes to September 26, 2006, and the two security deeds were modified to reflect this extension. Additionally, on that same date, Dave Iwan executed a guaranty of the second note. However, at the date of maturity, both notes were unpaid and went into default.

---

[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843 (575 SE2d 732) (2002).
[2] *McCaskill v. Carillo*, 263 Ga. App. 890 (589 SE2d 582) (2003).

Subsequently, the Bank demanded payment on both notes and notified Iwan Renovations and Dave Iwan that, pursuant to the terms in the notes, it would seek attorney fees under OCGA § 13-1-11 if forced to initiate a collection action to recover the debts. Two weeks after submitting its written demand, the Bank filed an action against Iwan Renovations and Dave Iwan to recover the amount owed on both promissory notes, as well as interest and attorney fees.

On August 7, 2007, while its lawsuit was still pending, the Bank initiated a nonjudicial foreclosure on Iwan Renovation's property pursuant to the power of sale provision in the first security deed and purchased the property itself at the foreclosure sale for $398,322.15. Shortly thereafter, the Bank amended its complaint to reflect that it was seeking to recover solely the amount owed on the second promissory note along with interest and attorney fees. Defendants amended their answer, asserting the defense that the Bank's amended complaint was the equivalent of a claim for a deficiency judgment and was therefore barred by its failure to confirm the foreclosure under the first security deed pursuant to OCGA § 44-14-161. Both parties moved for summary judgment. After a hearing, the trial court denied defendants' motion for summary judgment, granted the Bank's motion for summary judgment, and awarded the Bank $25,000, plus interest and attorney fees. This appeal followed.

1. Defendants contend that the trial court erred in granting the Bank's motion for summary judgment, arguing that the debts represented by the two promissory notes are inextricably inter-twined such that the Bank's suit on the second note constitutes a claim for a deficiency judgment requiring judicial confirmation under OCGA § 44-14-161 (a) of the foreclosure sale associated with the first note. We agree.

"A deficiency judgment is the imposition of personal liability on mortgagor for unpaid balance of mortgage debt after foreclosure has failed to yield full amount of due debt." (Punctuation omitted.) *C. K. C., Inc. v. Free.*[3] With regard to deficiency judgments, OCGA § 44-14-161 (a) provides:

> When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the

---

[3] *C. K. C., Inc. v. Free*, 196 Ga. App. 280, 282 (2) (395 SE2d 666) (1990).

sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

This Court has applied OCGA § 44-14-161 (a) to foreclosure proceedings on separate debts which are inextricably intertwined to prevent creditors from circumventing the statute's mandates by making successive loans against the security of the same property. See *Tufts v. Levin*;[4] *Ward v. Pembroke State Bank*.[5] This prevents creditors from avoiding "the very purpose of the confirmation statute; that being to protect debtors from deficiency judgments when their property is sold at [a] foreclosure sale for less than its market value." *Ward*, supra, 212 Ga. App. at 324. See *Redman Indus. v. Tower Properties*.[6] As a general rule, two debts that are incurred for the same purpose, secured by the same property, held by the same creditor, and owed by the same debtor are inextricably intertwined. See *Oakvale Road Assoc. v. Mtg. Recovery Fund &c.*;[7] *Tufts*, supra, 213 Ga. App. at 39 (2); *Ward*, supra, 212 Ga. App. at 323; *C. K. C., Inc.*, supra, 196 Ga. App. at 282 (2); *Murray v. Hasty*.[8] Cf. *Hawkins v. Nat. City Mtg. Co.*[9] (issue as to whether two debts secured by the same property were inextricably intertwined not addressed).

Citing *Devin Lamplighter, Ltd. v. American Gen. Finance*[10] and *Clements v. Fleet Finance*,[11] the Bank argues that its foreclosure pursuant to the first security deed merely had the effect of rendering the debt that had been secured under the second security deed an unsecured obligation and that its failure to confirm the foreclosure did not bar it from amending its complaint to sue defendants to collect on that independent, separate, and unsecured obligation. However, both the *Devin Lamplighter* and *Clements* cases involved separate debts, evidenced by separate notes, made initially to different creditors at different times, and for different purposes. *Devin Lamplighter, Ltd.*, supra, 206 Ga. App. at 748 (1); *Clements*, supra,

---

[4] *Tufts v. Levin*, 213 Ga. App. 35, 39 (2) (443 SE2d 681) (1994).

[5] *Ward v. Pembroke State Bank*, 212 Ga. App. 322, 324 (441 SE2d 691) (1994).

[6] *Redman Indus. v. Tower Properties*, 517 FSupp. 144, 148-149 (II) (N.D. Ga. 1981).

[7] *Oakvale Road Assoc. v. Mtg. Recovery Fund &c.*, 231 Ga. App. 414, 416 (499 SE2d 404) (1998) (physical precedent only).

[8] *Murray v. Hasty*, 132 Ga. App. 125, 127 (1) (207 SE2d 602) (1974).

[9] *Hawkins v. Nat. City Mtg. Co.*, 286 Ga. App. 716, 717 (1) (649 SE2d 769) (2007).

[10] *Devin Lamplighter, Ltd. v. American Gen. Finance*, 206 Ga. App. 747, 748 (1) (426 SE2d 645) (1992).

[11] *Clements v. Fleet Finance*, 206 Ga. App. 736, 738 (426 SE2d 910) (1992) (physical precedent only).

206 Ga. App. at 738. In both cases, the junior creditor later purchased the senior debt, foreclosed without obtaining confirmation, and then brought an action on the junior debt. *Devin Lamplighter, Ltd.*, supra, 206 Ga. App. at 748 (1); *Clements*, supra, 206 Ga. App. at 738.

Here, although there were two promissory notes that were secured by two separate security deeds, the notes were incurred only seven months apart for the same purpose, and both deeds pertained to the exact same property. Additionally, both notes were always held by the same creditor and both contained a cross-default clause. Given such circumstances, the two debts were inextricably intertwined. See *Tufts*, supra, 213 Ga. App. at 39. Thus, the Bank's present action is one to recover a deficiency judgment on the debt secured by the first security deed and not to recover on an independent, separate, unsecured obligation. Accordingly, the trial court erred in granting the Bank's motion for summary judgment and in denying defendants' motion as to this issue.[12]

2. Defendants contend that the trial court erred in finding that the Bank's amended action to recover the amount owed on the second promissory note was not barred by its failure to comply with OCGA § 44-14-161 (a). We agree that any further action by the Bank to recover against Iwan Renovations on the second note is barred.

"When the creditor wishes to exercise a power of foreclosure prior to obtaining a judgment on the note and thereby save time and expense, [it] will be required to comply with the confirmation statute before instituting any action for a deficiency judgment." *Taylor v. Thompson*.[13] See *Vaughan v. Moore*.[14] It is undisputed that the Bank did not comply with the provisions of OCGA § 44-14-161 (a), and it therefore cannot pursue an action against Iwan Renovations to collect on the second promissory note. Accordingly, the trial court erred in granting the Bank's motion for summary judgment and in denying defendants' motion as to the specific issue of whether the Bank's failure to comply with that statute barred it from pursuing any further action to recover against Iwan Renovations on the second promissory note.

---

[12] As it is unnecessary, we need not address whether the Bank's title in the two security deeds merged under the doctrine of title by merger. See *Tufts*, supra, 213 Ga. App. at 39 (2). However, we do note that the two security deeds contain clauses expressly stating that "[t]here shall be no merger of the interest or estate created by this Security Deed with any other interest or estate in the Property. . . ." See *Gosnell v. Waldrip*, 158 Ga. App. 685, 686 (2) (282 SE2d 168) (1981).

[13] *Taylor v. Thompson*, 158 Ga. App. 671, 673 (282 SE2d 157) (1981).

[14] *Vaughan v. Moore*, 202 Ga. App. 592 (415 SE2d 47) (1992) (physical precedent only).

YALE LAW LIBRARY

Citing *First Nat. Bank &c. Co. v. Kunes*,[15] defendants further argue that the provisions of OCGA § 44-14-161 (a) apply to guarantors, and therefore the Bank is also barred from attempting to recover against Dave Iwan. We note that in its order granting the Bank's motion for summary judgment, the trial court concluded that Dave Iwan failed to fulfill his obligations as the guarantor of the second promissory note. Additionally, in a footnote in the order, the court also concluded that the guaranty contained a provision by which Dave Iwan waived any defenses arising from any law "which may prevent [the Bank] from bringing any action, including a claim for deficiency, against [Dave Iwan]. . . ." However, in the same footnote, the court further concluded that because the Bank is not seeking a deficiency judgment but is instead holding defendants liable under the second promissory note as a separate and independent debt, it need not rule on the waiver issue. Importantly, the Bank never moved for summary judgment on this particular issue.

Thus, it appears that the trial court never specifically ruled on the issue of whether Dave Iwan would remain liable on the second note pursuant to his guaranty if the Bank could no longer pursue its action against Iwan Renovations. Our review is limited to the scope of the ruling in the trial court. See *Coweta County v. Simmons*.[16] Accordingly, we do not address the issue of whether Dave Iwan remains liable by waiving any defenses when he executed the guaranty of the second promissory note.

3. Defendants also contend that the trial court erred in awarding attorney fees to the Bank under OCGA § 13-1-11. Because the trial court's order awarded attorney fees based on the Bank's efforts to collect on the second promissory note against Iwan Renovations, we agree.

OCGA § 13-1-11 (a) in part provides:

> Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectible as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity. . . .

See also *Boddy Enterprises v. City of Atlanta*.[17] Given our holding in Divisions 1 and 2 that the trial court erred in finding that the Bank could collect on the second promissory note as an independent debt

---

[15] *First Nat. Bank &c. Co. v. Kunes*, 230 Ga. 888, 890-891 (199 SE2d 776) (1973).

[16] *Coweta County v. Simmons*, 269 Ga. 694 (507 SE2d 440) (1998).

[17] *Boddy Enterprises v. City of Atlanta*, 171 Ga. App. 551, 552 (320 SE2d 374) (1984).

against Iwan Renovations, it follows that the trial court also erred in awarding attorney fees under OCGA § 13-1-11 (a) for the Bank's collection efforts in that regard. See OCGA § 13-1-11 (a).

In summary, we reverse the trial court's grant of summary judgment to the Bank and its denial of summary judgment to the defendants as to whether the Bank's action constitutes a claim for a deficiency judgment, whether the Bank is barred from pursuing its action against Iwan Renovations, and the award of attorney fees. We do not address the issue of whether Dave Iwan remains liable by waiving any defenses when he executed the guaranty of the second promissory note.

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED FEBRUARY 16, 2009.

*Albert L. Norton, Jr., Meredith W. Germain*, for appellants.
*Kitchens, Kelley & Gaynes, Mitchell S. Rosen*, for appellee.