69967. WORTH et al. v. FIRST NATIONAL BANK OF ALMA.
(333 SE2d 173)

McMURRAY, Presiding Judge.

This is an appeal from the granting of summary judgment in an interpleader action. On December 11, 1981, Homer Worth and Lola Worth (defendants Worth) assigned a certificate of deposit in the principal amount of $22,000 to The First National Bank of Alma (defendant bank). The certificate of deposit was issued by the First Federal Savings & Loan Association of Brunswick (plaintiff). The assignment was given as security for a loan from defendant bank to Leon Worth, son of defendants Worth. Said loan was also secured by a deed to secure debt on 6.419 acres of land located in Bacon County, Georgia. Upon default in the payment of the loan, defendant bank foreclosed on the 6.419 acres of land and sold the property for $14,500. The amount owed on the promissory note evidencing the loan at the time of foreclosure was $28,429.23 principal, plus interest and attorney fees, for a total indebtedness of $36,181.53. After deduction of the proceeds from the foreclosure sale, the amount owing on the promissory note was $21,681.53.

On March 7, 1983, the plaintiff filed a petition for interpleader against the defendants Worth and the defendant bank and paid the proceeds of the above-mentioned certificate of deposit into the registry of the Superior Court of Bacon County, Georgia. On September 12, 1984, the trial court granted summary judgment in favor of defendant bank and against defendants Worth and ordered the clerk of court to pay over to defendant bank the proceeds of the certificate of deposit. From this order the defendants Worth appeal. *Held:*

1. In their first enumeration of error the defendants Worth argue that OCGA § 44-14-161 prohibits the defendant bank from proceeding against the certificate of deposit to satisfy the residual due under the promissory note because the non-judicial foreclosure of the real estate was not confirmed by the trial court. We do not agree.

"The failure to obtain confirmation of a sale does not operate to extinguish the remaining debt; rather, it simply precludes the person exercising the power of sale from instituting suit to obtain a deficiency judgment. *Powers v. Wren,* 198 Ga. 316 (4) (31 SE2d 713) (1944). *Turpin v. North American &c. Corp.,* 119 Ga. App. 212, 217 (166 SE2d 588) (1969). Failure to confirm does not estop a creditor from pursuing other contractual security on the debt. *Salter v. Bank of Commerce,* 189 Ga. 328 (6 SE2d 290) (1939)." *Taylor v. Thompson,* 158 Ga. App. 671, 672 (282 SE2d 157).

In the case sub judice, the defendant bank is not attempting to recover a deficiency after a non-confirmed foreclosure, it is seeking to enforce a contractual right to recover against additional security. See also *Marler v. Rockmart Bank,* 146 Ga. App. 548 (246 SE2d 731).

2. The trial court did not err in denying the defendants Worth motion to dismiss for want of service of process. The record shows that the defendants Worth stipulated to the jurisdiction of the court in a pretrial order entered on November 11, 1983. Moreover, an examination of the pretrial order demonstrates that defendants Worth did not reserve any jurisdictional issues or service of process issues for trial.

3. The defendants Worth contend that it was reversible error for the trial court to consider affidavits submitted in support of the defendant bank's motion for summary judgment that were not filed at least 30 days prior to the hearing. The defendants Worth made no objection to the affidavits in question to the trial court. "Objections to affidavits such as these will not be entertained for the first time on appeal where such affidavits were considered by the trial judge, without objection, in ruling on motions for summary judgment. [Cits.]" *Chapman v. McClelland,* 248 Ga. 725, 726 (2) (286 SE2d 290).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JULY 3, 1985.

*J. Laddie Boatright,* for appellants.
*Jimmy J. Boatright, R. Gary Wainright,* for appellee.