In re Paul A. BICKERSTAFF, Joan H. Bickerstaff, Debtors.

BUSINESS DEVELOPMENT CORPORATION OF GEORGIA, INC., Movant,

v.

Paul A. BICKERSTAFF, Joan H. Bickerstaff, Robert L. Coley, Trustee, Respondents.

Bankruptcy No. A87–00132–WHD.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

April 28, 1987.

Grant T. Stein, Diana D. Hall, Alston & Bird, Atlanta, Ga., for movant.

Robert D. Schwartz, Clark & Smith, P.C., Atlanta, Ga., for respondents.

## ORDER

W.H. DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on a motion by the Business Development Corporation of Georgia, Inc. ("BDC") for relief from the automatic stay and on an objection by the above-named debtors to the proof of claim filed by BDC. A hearing on the matter was held on March 3, 1987, and continued on March 23, 1987. As a result of the hearing, the Court entered an Order on March 31, 1987, which lifted the stay and allowed BDC to commence advertising for a foreclosure to take place in May or thereafter. The Order also allowed BDC's claim in full, as filed, but allowed the parties to file briefs on two issues identified at the March 23, 1987 hearing. Since one of these issues goes to whether BDC is entitled to assert a claim against the debtors at all, the briefs filed are in effect motions for reconsideration of the Order of March 31, 1987.

The facts of this case are as follows: On November 15, 1984, BDC made a loan of $275,000.00 to Ultimate Imports, Inc. ("Ultimate"), a corporation owned by debtor, Paul A. Bickerstaff. Ultimate granted BDC a security interest in certain real and personal property as collateral for the loan. As additional collateral, the individual debtors, Paul A. Bickerstaff and Joan H. Bickerstaff, personally guaranteed the loan and granted BDC a security interest in their personal residence.

In 1985, Ultimate defaulted on the loan, and BDC sent a demand letter dated December 17, 1985 to Ultimate and to the

debtors. On January 29, 1986, BDC obtained a state court default judgment against Ultimate for $266,287.41 principal, $7,973.83 interest, $27,451.12 attorney's fees, plus costs. A writ of possession was also granted to BDC in its state court action against Ultimate.

On April 1, 1986, BDC conducted a foreclosure sale of Ultimate's real property. The property was sold to the United States Small Business Administration ("SBA") for $225,000.00. BDC did not obtain judicial confirmation of its foreclosure sale, as set out in O.C.G.A. § 44-14-161.

On August 22, 1986, BDC conducted a foreclosure sale of Ultimate's personal property following notice by letter dated August 11, 1986 to Ultimate and to the debtors. This collateral was sold to the SBA for $50,000.00.

In December of 1986, BDC commenced advertising for foreclosure of the debtors' residence planned to occur on January 6, 1987. This foreclosure was stayed by the debtors' filing of their Chapter 13 petition.

In this Chapter 13 case, BDC filed a proof of claim in the amount of $72,031.70, which included the sum of $17,432.43, representing money paid by BDC to satisfy ad valorem taxes owed by Ultimate. These taxes constituted an encumbrance against Ultimate's real property, which was purchased at foreclosure by the SBA. Testimony at trial indicated that BDC acted as agent for the SBA in paying the taxes due on the property in order to clear title to it and to sell it to a third party.

The debtors argue that BDC's claim against them should be disallowed in its entirety as an attempt to collect a deficiency without obtaining confirmation of the foreclosure sale of Ultimate's real property. The provisions of O.C.G.A. § 44-14-160 *et seq.* prohibit a creditor from seeking a deficiency *judgment* against a debtor after a non-judicial foreclosure against real property unless the creditor first obtains judicial confirmation of the sale. However, the highest state court decision interpreting the statute held that, when the creditor obtains a judgment prior to a foreclosure sale and the proceeds of the sale are insufficient to satisfy the previously-obtained judgment, confirmation of the sale is not required in order for the creditor to further enforce his judgment and attempt to collect his deficiency. *Taylor v. Thompson*, 158 Ga.App. 671, 282 S.E.2d 157 (1981).

■ The debtors argue that this case is distinguishable because the judgment obtained by BDC was awarded only against Ultimate and not against the debtors individually. However, it appears that the debtors, as guarantors of Ultimate's debt, are entitled only to the same rights as Ultimate with regard to a creditor's attempt to collect a deficiency after foreclosure. *See, e.g., Barbree v. Allis-Chambers Corp.*, 250 Ga. 409, 297 S.E.2d 465 (1982). Since Ultimate could not have insisted on confirmation of the sale before BDC attempted to collect the deficiency against Ultimate, it does not appear that the debtors are entitled to any greater rights to do so before the deficiency is sought to be collected from them. Therefore, BDC was not required to obtain judicial confirmation of its foreclosure sale of Ultimate's property before attempting to collect the deficiency from the debtors/guarantors.

■ This decision is also dictated by *Worth v. First National Bank of Alma*, 175 Ga.App. 297, 333 S.E.2d 173 (1985), which holds that a creditor may seek to enforce a contractual right to pursue other contractual security for its debt following a foreclosure sale of real property without obtaining confirmation of the foreclosure. Here, the guaranties by the debtors and the deed to secure debt on the debtors' residence are additional security which BDC can pursue to satisfy the debt owed to BDC by Ultimate without confirming the foreclosure sale of Ultimate's real property.

The debtors argue that the *Worth* decision has been effectively overruled by the decisions of the Georgia Supreme Court in *Reeves v. Habersham Bank*, 254 Ga. 615, 331 S.E.2d 589 (1985), and *United States v. Kennedy*, 256 Ga. 345, 348 S.E.2d 636 (1986). These cases stand for the proposi-

tion that a creditor who seizes and disposes of personal property collateral, as opposed to real property collateral, must strictly comply with O.C.G.A. § 11–9–504(3) before attempting to collect a deficiency against additional collateral, realty or personalty, in the hands of a guarantor. Although the situations are somewhat analogous, the fact remains that the highest Georgia court to address the issue, in a case which has not been overruled (*Worth*), held that, when a creditor disposes of realty, strict compliance with the confirmation provisions of O.C.G.A. § 44–14–160 *et seq.* is not required in order for a deficiency to be recovered. The *Reeves* and *Kennedy* cases call for strict compliance with O.C.G.A. § 11–9–504(3) as to a creditor's disposition of personalty (which is not in question here) and deal more specifically with the notice requirements of O.C.G.A. § 11–9–504(3) rather than with any requirement similar to confirmation of a real property foreclosure.

The second issue raised by the debtors is whether BDC should be entitled to include in its proof of claim the amount BDC paid on tax liens in order to clear the title on the real property acquired from Ultimate at foreclosure. The debtors argue that it is up to the purchaser at foreclosure to pay the tax liens with no recourse against the prior owner. As the Court reads the case of *Franklin Mortgage Co. v. McDuffie,* 43 Ga.App. 604, 159 S.E. 599 (1931), it would appear to be the law in Georgia that a mortgagee who is the purchaser at foreclosure is not entitled to include in his deficiency claim the amount of the tax liens subsequently paid by him, since the purchaser takes the property subject to such liens, and it is presumed that the purchaser adjusted his bid accordingly. *See also Pan-American Life Insurance Co. v. Orr,* 49 Ga.App. 257, 175 S.E. 32 (1934). The Court will allow the parties to submit briefs on this issue and on the applicability of the cited cases to the facts of this case within ten (10) days of the date of this Order.

Accordingly, it is ORDERED that the Order of March 31, 1987 which lifted the stay as to BDC shall remain in effect ex-cept to the extent that it allows BDC's proof of claim in full. The parties shall have ten (10) days to submit briefs regarding the portion of BDC's claim for the payment of tax liens.