A95A0153. LUND v. COMMONWEALTH MORTGAGE ASSURANCE COMPANY.
(454 SE2d 194)

BLACKBURN, Judge.

Commonwealth Mortgage Assurance Company (Commonwealth) filed suit against James M. Lund III, seeking to recover the amount owed under an indemnity agreement executed by Lund in favor of Commonwealth.

Lund executed the agreement in issue on October 10, 1986, incident to a real estate closing on a home he purchased. In connection

therewith Lund executed a promissory note and security deed in favor of Bankers First Mortgage Corporation (Bankers First). On the same date, Lund executed an Investor Loan Indemnity Agreement in favor of Commonwealth as consideration for its issuance of a private mortgage insurance policy to Bankers First covering the lender against Lund's default on the loan.

By the terms of the agreement, Lund agreed to indemnify Commonwealth for all amounts that Commonwealth might be required to expend in fulfilling its obligations under the policy. Lund's mortgage was subsequently assigned to Barclays American Mortgage Corporation (Barclays). Lund thereafter defaulted, whereupon Barclays foreclosed, purchasing the property at an unconfirmed foreclosure sale for $132,752.59. The aggregate principal, interest, attorney fees and costs then owed on the property was $134,433.76.

Commonwealth later paid Barclays $40,322.77, Barclays' claim of loss under the mortgage insurance policy. Asserting that he had not signed the agreement, Lund refused repayment under the Investor Loan Indemnity Agreement. Commonwealth then brought the underlying action against Lund to recover its payment of loss to Barclays. In a pretrial hearing, the trial court granted Commonwealth's motion in limine, preventing Lund from introducing any evidence regarding the foreclosure sale in satisfaction of his debt on the property. At trial, the jury rendered a verdict for Commonwealth, and Lund now appeals.

1. Lund first contends that the trial court erred in granting Commonwealth's motion in limine because it prevented him from introducing into evidence the amount applied to his debt as a result of the foreclosure sale.

"Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1. The issues on trial were whether Lund was signatory to and obligated under an indemnity agreement obligating him to reimburse Commonwealth all expenses indemnified against under the agreement; and, if so, the amount of indemnification thus paid. The fact that Barclays had earlier recovered all but $1,681.17 on the debt owing on the property was not relevant, as such recovery was obtained on a debt which was the subject matter of an entirely separate cause of action — the lender's action on Lund's mortgage. *Turner v. Commonwealth Mtg. Assurance Co.*, 207 Ga. App. 428, 429 (428 SE2d 398) (1993). Inasmuch as the terms of the Investor Loan Indemnity Agreement before us are unambiguous and susceptible to but one interpretation, we must give effect to the agreement as written. *Schroeder v. Ga. Farm Bureau Mut. Ins. Co.*, 211 Ga. App. 302, 304 (439 SE2d 18) (1993). Accordingly, this enumeration of error is without merit.

2. Lund also contends that the trial court erred in granting the motion in limine in that it resulted in the exclusion of evidence which would have allowed him to establish that the foreclosure sale was unconfirmed and barred as a deficiency claim pursuant to OCGA § 44-14-161.

"Although the failure to confirm a foreclosure sale precludes a lender from seeking a deficiency judgment, it does not extinguish the underlying debt. Further, failure to confirm does not estop even the actual lender from pursuing other contractual security on the debt." (Citations omitted.) *Turner*, supra at 429. In the instant circumstances, Lund's liability arises out of contractual obligations undertaken pursuant to the Investor Loan Indemnity Agreement he entered into with Commonwealth. As we have indicated, these obligations were wholly separate from those he undertook with the lender. Inasmuch as Commonwealth's action to recover under its indemnity agreement with Lund was independent of the foreclosure sale instituted by Barclays, the action on such agreement is not foreclosed by Barclays' failure to have the foreclosure sale confirmed.

3. Lund lastly contends that the Investor Loan Indemnity Agreement is unenforceable as violative of public policy. We are not unmindful that OCGA § 44-14-161 was enacted to protect debtors against deficiency judgment in circumstances where foreclosure sale of their property brings less than its fair market value. See *Turner*, supra at 429; *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327 (1) (270 SE2d 867) (1980). We are likewise aware of *Redman Indus. v. Tower Properties*, 517 FSupp. 144 (N.D. Ga. 1981) in which the district court concluded that the guarantor's action to recover under the indemnity agreement therein was, in effect, an action seeking a deficiency judgment because of evidence of collusive activity between the lender and guarantor. Absent such evidence, as here, it is settled that the enforcement of an indemnity agreement is not contrary to public policy in that mortgagors are otherwise fully protected from lenders seeking deficiency judgment. *Turner*, supra at 429-430. Accordingly, this enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 15, 1995.

*William A. Trotter III*, for appellant.
*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Donna C. Sloan*, for appellee.