**IN RE: Jean Marie Guitton FRANCOIS, Jeen Jean Baptiste Francois, Debtors.**

**Ghislaine Pierre–Louis, Plaintiff,**

**v.**

**Jean Marie Guitton Francois, Jeen Jean Baptiste Francois, Defendants;**

**and**

**Adam Goodman, Chapter 13 Trustee, Intervener Defendant.**

**CASE NO. 12–61217–MHM ADVERSARY PROCEEDING NO. 14–5098**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed February 12, 2015

Filed February 13, 2015

Albert A. Myers, III, Mumford & Myers, Conyers, GA, for Plaintiff.

Lisa Sampson–Roberts, Sampson–Roberts and Associates, Stockbridge, GA, for Defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

MARGARET H. MURPHY, UNITED STATES BANKRUPTCY JUDGE

This adversary proceeding is before the court on Trustee's *Motion for Summary Judgment,* filed November 17, 2014 (Doc. No. 33) (the "Motion"). Plaintiff filed a complaint initiating this adversary proceeding April 1, 2014. The Chapter 13 Trustee ("Trustee") filed a *Motion to Intervene* April 29, 2014 (Doc. No. 7), which was granted by order entered May 15, 2014 (Doc. No. 9). Trustee now asserts that no material facts remain at issue, and that Trustee is entitled to summary judgment.

## BACKGROUND

The parties in this case dispute the ownership of real property located at 617 Champions Drive, McDonough, GA 30215 in Henry County (the "Property"). Plaintiff received a warranty deed for the Property December 27, 2010, from The Patterson Real Estate Group, Inc. and Jeff Neisler as grantors (the "Warranty Deed"). On the same day, Plaintiff executed a security deed (the "Security Deed") in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Community Capital Bank, in connection with a promissory note Plaintiff executed in favor of Community Capital Bank in the sum of $268,306.00 (the "Note"). Defendants have admitted the existence of the Security Deed. The Warranty Deed and the Security Deed were recorded December 30, 2010 in Henry County, Georgia. On February 2, 2011, Plaintiff executed what purports to be a quitclaim deed to the Property, with Jean Marie Guitton Francois and Jeen Jean Baptiste Francois ("Defendants") as grantees, and was recorded February 2, 2011 in Henry County, Georgia (the "Quitclaim Deed"). On its face, the Quitclaim Deed states, "[f]or valuable consideration, the Grantor hereby quitclaims and transfers all right, title, and interest held by the Grantor in the following described real estate and improvements to the Grantee, and his or her heirs and assigns, to have and hold forever, located at 617 Champions Drive, City of McDonough, State of Georgia."

The parties' relationship to the Property is disputed. Plaintiff claims that she had agreed with Defendants that she would move from New Jersey to Georgia, purchase the home for Defendants, and Defendants would make the monthly payments on the Note; in exchange, Defendants were to care for Plaintiff and her disabled daughter. Defendants deny this arrangement. Additionally, Plaintiff and Defendants disagree as to the circumstances surrounding the Quitclaim Deed, with Plaintiff stating that it was her belief that the Quitclaim Deed was signed merely to give Defendants the ability to claim tax relief for the mortgage payments that were being made.

## CONCLUSIONS OF LAW

Pursuant to FRCP 56(c), incorporated in Bankruptcy Rule 7056, a party moving for summary judgment is entitled to prevail if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Only disputes of fact which might affect the outcome of the proceeding will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On summary judgment, the inferences to be drawn from the underly-

ing facts contained in such materials must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

■ It is a matter of law that "[a]ny contract for sale of lands, or any interest in, or concerning lands" must be in writing and signed by the party to be charged with the obligation. Ga. Code Ann. § 13–5–30 (West). Concerning the transfer of property, a quitclaim deed can convey from grantor to grantee only such interest as the grantor has in the real property. *Georgia Lien Servs., Inc. v. Barrett*, 272 Ga.App. 656, 657, 613 S.E.2d 180 (2005). Additionally, parties are barred from introducing parol evidence as a means of placing conditions on a quitclaim deed that is absolute on its face. *Se.Timberlands, Inc. v. Haiseal Timber, Inc.*, 224 Ga.App. 98, 102, 479 S.E.2d 443 (1996). If the conveyance from grantor to grantee is found to be valid, then a failure to carry out a promise or other consideration does not invalidate the conveyance. *Barrett v. Simmons*, 235 Ga. 600, 601, 221 S.E.2d 25 (1975). This would result in a breach of the terms of a contract, but would not change the legal standing of the conveyance. *Id.* Like any other contract dispute, a plaintiff must seek a redress through an action for the value of that consideration— in this case, the value of the support she would have received. *Bolton v. Morris*, 209 Ga. 153, 154, 71 S.E.2d 217 (1952). However, if the consideration for the bargain includes one party providing "support for life," and the special circumstances of fraud or insolvency arise, rescinding the deed would be the more appropriate remedy. *Id.*

■ An implied trust is defined as a "resulting trust as described in Code Section 53–12–130 or a constructive trust as described in Code Section 53–12–132." Ga. Code Ann. § 53–12–2 (West).

Implied trusts are either resulting or constructive. In an implied resulting trust the intention of the parties is an essential element, although no valid agreement setting up such an intention is shown, but such mutual intent is implied only from proven facts and circumstances. An implied constructive trust is different, in that here there is no intention of the parties to create such a relationship, but on the contrary in most, if not every case, such a trust arises by virtue of the fraudulent conduct of one misappropriating the money of another, and the trust arises contrary to any intent on his part. 4 Pomeroy's Equity Jurisprudence, §§ 1031, 1044.

*Loggins v. Daves*, 201 Ga. 628, 628, 40 S.E.2d 520 (1946). A constructive trust is a means by which a court can prevent unjust enrichment from occurring. *Whiten v. Murray*, 267 Ga.App. 417, 420, 599 S.E.2d 346 (2004). It is inherently unjust to allow " 'one with a legal interest in a piece of property a windfall recovery when the beneficial interest should flow to another.' " *Id.* (*quoting Weekes v. Gay*, 243 Ga. 784, 786, 256 S.E.2d 901 (1979)). Therefore, " '[a] court of law may entertain [implied trusts]; but when the case is complicated, especially when it has a flavor of fraud, equity will not banish them, and remit the parties to another forum.' " *Whiten*, 267 Ga.App. at 423, 599 S.E.2d 346 (*quoting Bateman v. Patterson*, 212 Ga. 284, 285, 92 S.E.2d 8 (1956)). Georgia law does allow, for the sake of "equity and good conscience," the creation of an implied trust following a mistake of fact or due to ignorance. *Matter of Vacuum Corp.*, 215 B.R. 277, 285 (Bankr.N.D.Ga. 1997). However, such a mistake of fact must have been relied upon to the creditor's detriment. *Id.*

The filing of a bankruptcy petition creates an "estate" that "consists of all property in which the debtor has *any* interest as of the commencement of the case." *In re Chambers,* 500 B.R. 221, 226 (Bankr.N.D.Ga.2013). The distribution of this interest is governed by "plain and unambiguous" statutory language of the bankruptcy code. *Id.* This language—creating a distribution scheme that is both mandatory and strict—presumes that debtor's limited resources are to be distributed equally among the creditors in the manner prescribed by Congress. *Id.* The resulting jurisprudence places a high standard on the creation of implied trusts in bankruptcy proceedings. *See In re First Cent. Fin. Corp.,* 377 F.3d 209 (2d Cir. 2004); *In re Omegas Grp., Inc.,* 16 F.3d 1443, 1452 (6th Cir.1994) ("Constructive trusts are anathema to the equities of bankruptcy since they take from the estate, and thus directly from competing creditors, not from the offending debtor."). A constructive trust "thwarts the principle of ratable distribution underlying the Bankruptcy Code." *In re Chambers,* 500 B.R. at 230. As such, implied trusts are sparingly used in bankruptcy courts.

## DISCUSSION

Plaintiff argues that the Quitclaim Deed does not communicate the terms of the alleged agreement as she recalls it. However, the Quitclaim Deed was executed, and bears a statement that Grantor quitclaims and transfers "all right, title, and interest held by the Grantor" in 617 Champions Drive. Plaintiff has sought this action as a means of adding terms to the face of the Quitclaim Deed that she claims was part of the alleged bargain, but it is a matter of Georgia law that a party is barred from arguing any parol evidence to limit the interest transferred via quitclaim deed. *Se. Timberlands, Inc.,* 224 Ga.App. at 102, 479 S.E.2d 443. Allowing parol evidence to be introduced creates an undue burden on the courts, with every absolute transfer of interest suddenly being open to reinterpretation. The terms of the Quitclaim Deed appear to be set.

Ga. Code § 13–5–30 requires that a contract "concerning land" must be in writing. Plaintiff never addresses why any purported bargain between her and Defendants should not fall under the Statute of Frauds. However, Ga. Code § 13–5–31 does provide that an agreement can be held enforceable without writing in situations where the contract has been fully executed, performance completed on one side and accepted by the other in accordance with the contract, or when part performance exists to the point where the court's failure to compel would result in a fraud on the part of the party failing to perform. The part performance must be an essential part of the contract. *Walden v. Smith,* 249 Ga.App. 32, 34–35, 546 S.E.2d 808 (2001); *see also Rose v. Cain,* 247 Ga.App. 481, 544 S.E.2d 453 (2001) (where monthly payments approximating rent were not sufficient to establish part performance).

Given the information currently before this Court and taking the facts in the light most favorable to the nonmoving party, material facts remain at issue. The existence and terms of a contract, when it was formed, the parties' intentions, and other related information could be used to establish that part performance of essential terms has taken place. As shown in *Bolton,* sufficient evidence as to the terms of the alleged consideration—along with insolvency—can make the difference.

Plaintiff states in her *Brief in Opposition to the Trustee's Motion for Summary Judgment* (Doc No. 35) that parol evidence should be allowed to reform the Quitclaim Deed. The decision in *Se. Timberlands,*

*Inc.* unequivocally prevents the use of parol evidence in regard to the Quitclaim Deed. However, even without this precedent, it would be incorrect to apply parol evidence in the case at bar. Parol evidence is defined as:

> [A] substantive rule of law that prohibits the admission of evidence of prior or contemporaneous oral agreements, or prior written agreements, whose effect is to add to, vary, modify, or contradict **the terms of a writing** [emphasis added] which the parties intend to be a final, complete, and exclusive statement of their agreement.

11 Williston on Contracts § 33:1 (4th ed.). In the case at bar, no evidence from any party exists that any such writing exists. Labeling the Quitclaim Deed as the writing that would necessitate parol evidence is incorrect; if the alleged bargain existed, the Quitclaim Deed would transfer the property from Plaintiff to Defendants as part of the bargained-for consideration. The Quitclaim Deed exists as a tool to fulfill the alleged bargain and is not the bargain itself. If discovery should uncover a written document between the parties, only then might parol evidence be applicable.

Also, failure of the bargain between the two parties leaves a question of unjust enrichment. In the event that no contract existed and Defendants do retain all legal interest in the property, Plaintiff may have a claim to an implied trust. As stated previously, bankruptcy courts invoke this remedy sparingly, only in narrow and appropriate factual circumstances; however, at this stage of litigation, it is inappropriate to make the factual determinations necessary to preclude that remedy. Plaintiff's claim of unjust enrichment and Defendants' assertion of Plaintiff's benevolence lead to the conclusion that material facts remain at issue.

## CONCLUSION

At this point in the proceedings, the record indicates that Plaintiff gave all of her ownership interest in the Property to Defendants and retained all of the financial liability associated with the Security Deed. Plaintiff asserts that the transaction was part of an agreement between the parties, and the terms of that agreement—and the parties' compliance with those terms—may merit rescission of the transfer *or* establishment of an implied trust. Therefore, when taking the facts in the light most favorable to the nonmoving party, granting Trustee's *Motion for Summary Judgment* would be premature as material facts remain at issue. Accordingly, it is hereby

ORDERED that Trustee's Motion is *denied.*

IT IS SO ORDERED.