In re Matthew Sebastian HIGGINS and Mary Ann Higgins, Appellants/Debtors,

v.

**INTERNAL REVENUE SERVICE,**
Appellee.

No. 1:08–cv–91.

United States District Court,
E.D. Tennessee,
at Chattanooga.

Jan. 16, 2009.

---

### *MEMORANDUM*

HARRY S. MATTICE, JR., District Judge.

Appellants Matthew Sebastian Higgins and Mary Ann Higgins appeal, pursuant to 28 U.S.C. § 158(a) and Federal Rule of

Bankruptcy Procedure 8001(b), the order of the bankruptcy court entered on April 14, 2008 denying their motion to alter or amend the court's February 19, 2008 order.

For the reasons stated below, the Court concludes that the bankruptcy court did not err and its rulings will be **AFFIRMED.**

## I. STANDARD OF REVIEW

■ In an appeal from a bankruptcy court, the Court must uphold the findings of fact made by the bankruptcy court unless such findings are clearly erroneous. *Stamper v. United States (In re Gardner)*, 360 F.3d 551, 557 (6th Cir.2004); Fed. R. Bankr.P. 8013. The Court reviews *de novo* the bankruptcy court's conclusions of law. *Gardner*, 360 F.3d at 557; Fed. R. Bankr.P. 8013. The Court has the authority to affirm, modify, or reverse a judgment or order of the bankruptcy court, and also may remand the case to the bankruptcy court for further proceedings. Fed. R. Bankr.P. 8013.

## II. FACTS AND PROCEDURAL HISTORY

Matthew Sebastian Higgins and Mary Ann Higgins ("Appellants") filed a voluntary petition for Chapter 13 bankruptcy in February 2007. (Court Doc. 1–24.) The Internal Revenue Service ("IRS") filed a Proof of Claim indicating that it had over $60,000 in unsecured claims against Appellants arising out of unpaid taxes. (Court Doc. 1–5.) The part of the Appellants' unpaid tax liability that is relevant to this proceeding was based on a Form 1099 filed with the IRS by New Century Mortgage in 2005. (Court Doc. 1–22.) New Century Mortgage foreclosed on real property owned by the Appellants on Burnt Mill Road in Walker County, Georgia. (Court Doc. 1–25 at 14.) The Form 1099 indicat-ed that New Century Mortgage had forgiven $93,739 of the Appellants' debt. (Court Doc. 1–22.) Appellants did not include the $93,739 reported on the Form 1099 as income on their 2005 tax return. (Court Doc. 1–10 at 1.) The IRS treated the Form 1099 as showing a "discharge of indebtedness," which it contends is considered taxable income under federal law and therefore gives rise to income tax liability. (Court Doc. 1–8 at 3.) The IRS's Proof of Claim was based on its calculation of the Appellants' unpaid tax liability for 2005. (Court Doc. 1–10 at 4.)

Appellants objected to the IRS's Proof of Claim. (Court Doc. 1–6.) The IRS moved to dismiss the Appellants' objection. (Court Doc. 1–8.) The bankruptcy court held an evidentiary hearing at which Mary Ann Higgins testified for the debtors and Robert Rutzky testified for the IRS. (Court Doc. 6.) In a written memorandum and separate order, the bankruptcy court overruled the debtors' objection and granted the IRS's motion to dismiss. (Court Doc. 1–13.) Appellants filed a motion to alter or amend that was denied by the bankruptcy court. (Court Docs. 1–14, 1–16.)

The debtors have appealed the bankruptcy court's orders and state that the following issues are to be addressed on appeal:

1. Whether or not the judgment of the Bankruptcy Court evidence is supported by evidence.

2. Whether or not the Bankruptcy Court correctly construed and applied OCGA 44–14–161, which required judicial confirmation of a foreclosure by sale under power as a prerequisite to the recovery of a deficiency judgment.

3. Whether or not any portion of the Debtors' indebtedness to the mortgage company survived the foreclo-

sure sale and could thus be forgiven by the lender so as to create a tax liability.

4. Whether or not the Debtors have sufficiently rebutted the *prima facie* showing made the Proof of Claim filed by the IRS that the Debtors were in fact indebted to the Internal Revenue Service.

(Court Doc. 1–3 at 2.)

## III. ANALYSIS

The instant appeal arises out of the bankruptcy court's dismissal of Appellants' objection to the IRS's Proof of Claim. Appellants challenge the bankruptcy court's interpretation and application of Georgia Code § 44–14–161 and whether it creates a presumption that the proceeds of a foreclosure sale are to be taken as having paid the debt in full if the lender does not pursue judicial confirmation of the sale. Appellants also challenge the bankruptcy court's factual finding with regard to the relevance and reliability of the Deed Under Power that they submitted in support of their Objection. Each of these arguments will be addressed in turn.

### A. The Bankruptcy Court Properly Interpreted Georgia Code § 44–14–161.

Georgia law provides that a party cannot seek a deficiency judgment on any property sold under powers unless said party seeks judicial confirmation of the foreclosure sale within thirty days of the sale. Ga.Code Ann. § 44–14–161(a) (1935). It is undisputed that New Century Mortgage foreclosed on Appellants' property on Burnt Mill Road and that New Century did not seek judicial confirmation of the foreclosure sale. It is therefore undisputed that New Century Mortgage, having chosen not to have the foreclosure sale judicially confirmed, had no legal right to seek a deficiency judgment against the Appellants.

The general rule is that gross income, for purposes of federal income taxation, includes income that results from a "discharge of indebtedness." 26 U.S.C. § 61(a)(12). Appellants argue that, to the extent that there remained any deficiency after the foreclosure sale of their property, that deficiency was extinguished when New Century failed to seek confirmation of the foreclosure sale within the thirty days allowed by section § 44–14–161. If their debt was extinguished, Appellants contend, there could be no "discharge of indebtedness" that would give rise to income for taxation purposes. Appellants claim that "when the law creates a set of circumstances which can leave a creditor with *no remedy at all,* there is no sense in which the erstwhile debtor is liable and bound to anyone or anything." (Court Doc. 7 at 4–8.)

The bankruptcy court held that: "If the lender does not timely commence a confirmation proceeding, Section 44–14–161 merely bars it from collecting any deficiency; the statute does not establish that there was no deficiency." (Court Doc. 1–12 at 8.) The bankruptcy court also noted that "the fact that the lender chose not to seek collection of a deficiency does not prove that there was no deficiency to collect. Rather, the decision not to attempt to collect the deficiency conferred an economic benefit on the debtors, which is the very basis for the taxation of 'discharge of indebtedness' income." (*Id.* at 8–9.)

■ Because the interpretation and application of a statute is a matter of law, the Court will review *de novo* the bankruptcy court's ruling in this regard. *See Burke v. Comm'r Internal Revenue,* 176 F.3d 488 (10th Cir.1999) (whether income results from a discharge of indebtedness is a question of law).

■ Federal regulations state that a "discharge of indebtedness" occurs, for income tax purposes, "upon the expiration of a statutory period for filing a claim or commencing a deficiency judgment proceeding." 26 C.F.R. § 1.6050P–1(b)(2)(C) (2008). In Georgia, the right to pursue a deficiency judgment for the debt remaining after a foreclosure sale under powers is extinguished if the person instituting the foreclosure does not institute confirmation of the sale within thirty days. Ga.Code Ann. § 44–14–161 (1935). It is undisputed that New Century did not commence proceedings to have the foreclosure sale of the Appellants' property confirmed within the statutory period, and therefore has no legal right to pursue a deficiency judgment against Appellants. Accordingly, the Court concludes that under Georgia law, the statutory period for commencing a deficiency judgment proceeding has run and, therefore, pursuant to § 1.6050P–1 (b)(2)(C), a "discharge of indebtedness" has occurred. *Cf. Dalton Motors, Inc. v. Weaver,* 446 F.Supp. 711, 716 (D.Minn. 1978) (failure to pursue deficiency judgment within temporal confines of relevant statute resulted in discharge of indebtedness).

The fact that New Century Mortgage cannot legally collect any remaining debt does not preclude a finding that a "discharge of indebtedness" has occurred; indeed, it is the very reason that the "discharge of indebtedness" at issue here operates as to the Appellants. *See* William J. Rohrbach, Jr., *The Disposition of Properties Secured by Recourse and Nonrecourse Debt,* 41 BLRLR 231, 250 (1989) ("A taxpayer realizes and recognizes ordinary income if he is relieved of a payment of a debt."). Federal regulations set forth seven "identifiable events" that result in a "discharge of indebtedness." 26 C.F.R. § 1.6050P–1(b)(2)(A)–(G) (2008). Six of these "identifiable events" occur only when the creditor is legally barred from collecting the debt. *See id.* at § 1.6050P–1(b)(2)(A)–(F). The seventh occurs when a creditor chooses to voluntarily discontinue collection activity. *Id.* at § 1.6050P–1(b)(2)(G).

Appellants argue that the only rational construction of Section 44–14–161 is that, in the absence of judicial confirmation of a foreclosure sale, it is presumed that the foreclosure sale paid the entirety of the debt. (Court Doc. 7 at 8.) Appellants claim that "the debt is not discharged by the lapse of a statutory period, but paid in its entirety in consequence of the creditor's refusal to participate in the statutory procedure for determining the extent to which it was paid by the foreclosure." (Court Doc. 7 at 9.)

Nothing in the Georgia statute, however, speaks to a presumption regarding payment of any indebtedness remaining after a foreclosure sale. Section 44–14–161 functions only to eliminate a remedy available to the holder of the debt. Appellants have failed to cite, and the Court has been unable to locate, any authority supporting their argument that section 44–14–161 creates such a presumption. In fact, as the bankruptcy court noted, Georgia courts have allowed lenders to collect on debt remaining after a foreclosure sale by means other than a deficiency judgment, even when no confirmation of the sale was sought. *See, e.g., Worth v. First Nat'l Bank of Alma,* 175 Ga.App. 297, 333 S.E.2d 173, 174 (1985) (holder may satisfy the balance of a debt from a certificate of deposit even though section 44–14–161 barred holder from seeking deficiency judgment). If, as Appellants argue, the debt was "paid" when the lender failed to seek confirmation of the sale, there would be no reason to allow a lenders to obtain payment of the remaining debt through other means.

542

The Court has thoroughly reviewed the bankruptcy court's orders, the briefs of the parties, and the case law cited therein, and agrees with the bankruptcy court's interpretation and application of Georgia Code § 44–14–161. The Court concludes that section 44–14–161 does not create a presumption that the proceeds of the foreclosure sale paid the entirety of the debt on the foreclosed property if the foreclosing party fails to have the sale judicially confirmed. The bankruptcy court did not err in refusing to sustain Appellants' Objection based on section 44–14–161.

**B. Appellants Failed to Overcome the Presumption of Validity Afforded to a Properly Filed Proof of Claim.**

■ In bankruptcy proceedings, a proof of claim is "a written statement setting forth a creditor's claim." Fed. R. Bank. P. 3001(a). "A proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bank. P. 3001(f). To defeat a validly filed proof of claim, an objector must come forward with sufficient evidence to "refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3rd Cir. 1992); *see also Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir.1991) (an objector must "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves.")

In support of their objection to the IRS's Proof of Claim, Appellants presented a Deed Under Power ("Deed") showing that New Century Mortgage had foreclosed on a property on Burnt Mill Road in 2004. (Court Doc. 1–20.) The Deed stated that the borrowers were Matthew Higgins and Mary Higgins and that they defaulted on a note taken out in May 2003 for $152,000.00. (*Id.*) The Deed indicated that the foreclosure sale took place on the first Tuesday of May 2004 and that the property was sold for $126,194.04. (*Id.*) The deed was dated May 4, 2004. (*Id.*)

At the bankruptcy court's hearing on the appellants' objection to the Proof of Claim, Mary Higgins testified. (Court Doc. 6.) Ms. Higgins explained that, due to a water heater leak, she had no paperwork or records for 2004 and was therefore testifying to everything based only on her best recollection of the events. (*Id.* at 26.) She also admitted that she regularly took multiple medications—including two narcotics—and that her medication significantly impaired her memory. (*Id.* at 45–46.) Ms. Higgins testified that she and her husband initially borrowed about $100,000 to buy the property on Burnt Mill Road in 2001 or 2002. (*Id.* at 47.) She stated that they made payments on their loan until October 2005 and that New Century Mortgage foreclosed in late 2005. (*Id.*) Ms. Higgins testified that about $98,000 was owed on the mortgage at the time of the foreclosure. (*Id.*)

Reviewing the evidence presented in support of the Appellants' Objection to the IRS's Proof of Claim, the bankruptcy court stated:

The only evidence before the court that has any bearing on the value issues is the Deed Under Power. It indicates that New Century Mortgage Corporation foreclosed on property of the debtors located on Burnt Mill Road in Walker County, Georgia, and that New Century bid in that property for $126,194.04. Thus, if this is the deed evidencing the foreclosure on the property on the basis of which the Form 1099 was issued, it seems doubtful that the balance of the debt encumbering the property was $93,739 more than the

bid amount: it is unlikely that the debt balance was around $220,000 when the original principal amount of the debt recited in the deed issued just a year after the loan was made was $152,000. However, both Ms. Higgins and the debtors' attorney repeatedly and confidently stated to the court that the foreclosure took place in late 2005, more than 17 months after the foreclosure sale described in the Deed Under Power. There was no explanation offered either by way of testimony or argument from the debtors that shed light on the meaning or relevancy of the Deed Under Power, and, unfortunately, it remains a mystery. Hence, in the absence of evidence showing that the Deed Under Power related to the foreclosure with respect to which the Form 1099 was issued, and in the absence of credible evidence as to the balance of the debt at the time of the foreclosure, the court cannot find that the fair market value of the property equaled or exceeded the balance of the debt.

(Court Doc. 1–12 at 7.)

Appellants contend that the bankruptcy court's finding was clearly erroneous based on the Deed Under Power. (Court Doc. 7 at 11.) They argue that the Deed Under Power shows that if any debt was discharged by New Century Mortgage following the foreclosure sale of the Appellants' property, "it could not have approached the amount used by the Internal Revenue Service in its computation" for the Proof of Claim. (*Id.*)

■ Because Appellants are challenging an evidentiary issue, the appeal is as to a question of fact and the Court must uphold the bankruptcy court's findings unless they are clearly erroneous. *Stamper v. United States (In re Gardner)*, 360 F.3d 551, 557 (6th Cir.2004); Fed. R. Bankr.P. 8013. "A finding of fact is clearly errone-

ous when, although there is evidence to support it, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Harlamert v. World Finer Foods, Inc.*, 489 F.3d 767, 771 (6th Cir. 2007) (*quoting The Coy/Superior Team v. BNFL, Inc.*, 174 Fed.Appx. 901, 905 (6th Cir.2006)).

■ It is undisputed that Appellants bear the burden of coming forth with substantial evidence to support their objection. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3rd Cir.1992). Ms. Higgins admitted in her testimony that she had no information contrary to the Form 1099 filed by New Century Mortgage, which formed the basis for the IRS's Proof of Claim. (Court Doc. 6 at 26.) The only evidence offered by Appellants in support of their objection was the Deed Under Power. The bankruptcy court obviously struggled with the implications of the Deed Under Power. It noted that the amount of debt claimed to be discharged on the Form 1099 filed by New Century Mortgage was "unlikely" based on the original amount of the note and the amount that the property brought at the foreclosure sale. (Court Doc. 1–12 at 7.) However, the bankruptcy court was unable to reconcile many of the facts testified to by Ms. Higgins with those stated on the Deed Under Power (e.g. the timing of the foreclosure sale and the amount of the original debt) and concluded that the relevancy of the Deed Under Power "remains a mystery." (*Id.*)

■ Having reviewed the evidence in this case, it appears to the Court that an unfortunate set of circumstances put Appellants in the position of being unable to offer reliable evidence in support of their objection to the IRS's proof of claim. The Court agrees with the bankruptcy court's

observation that it is "unlikely" that New Century Mortgage discharged over $90,000 of the Appellants' debt on the Burnt Mill Road property.[1] Given the dearth of evidence presented by the Appellants in support of their objection, however, the Court is unable to say that the bankruptcy court's finding with regard to the reliability and relevance of the Deed Under Power was clearly erroneous.

Appellants argue that the IRS maintains a "burden of persuasion" with regard to the Proof of Claim and that the IRS failed to meet that burden in this case. (Court Doc. 7 at 10–11.) They contend that the IRS's representative who testified at the bankruptcy court's hearing "had no knowledge of, and no interest in, the actual amount (if any) the Appellants should have been charged." (*Id.* at 11.)

Appellants argument, however, attempts to shift their evidentiary burden to the IRS. Appellants have not challenged the *prima facie* validity of the IRS's Proof of Claim.[2] As noted above, an objector must come forth with adequate evidence refuting at least one of the essential elements of the claim in order to shift the evidentiary burden onto the claimant. *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173–74 (3rd Cir.1992). The bankruptcy court found that Appellants had failed to support their Objection with reliable, relevant evidence, and this Court has determined that the bankruptcy court's finding was not clearly erroneous. Appellants have therefore failed to rebut the presumption of validity afforded to the IRS's Proof of Claim. *Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.),* 993 F.2d 915, 925 (1st Cir.1993) ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence.") While the Court is sympathetic to Appellants' situation, such sympathy cannot override the evidentiary burdens established by the bankruptcy rules. Accordingly, the bankruptcy court did not err in overruling the Appellants' Objection and granting the IRS's Motion to Dismiss.

## IV. CONCLUSION

Having reviewed the bankruptcy court's factual findings for clear error and legal conclusions *de novo,* the Court finds no error. Accordingly, the bankruptcy court's February 19, 2008 Memorandum [Court Doc. 1–12] and its March 11, 2008 Order [Court Doc. 1–16] are **AFFIRMED.** The Clerk shall close the case.

SO ORDERED.

### *JUDGMENT*

This case came before the Court on plaintiff Matthew Sebastian Higgins and Mary Ann Higgins's appeal from the Order of the Honorable John C. Cook, United States Bankruptcy Judge. The Honor-

---

1. The Court notes, however, that if the Form 1099 filed by New Century Mortgage was incorrect, the Appellants may have been well-served to formally notify both New Century and the IRS upon receipt of the tax document.

2. To the extent that Appellants may be attempting to argue that the IRS did not file its Proof of Claim in accordance with Rule 3001(f) and that, therefore, it should not be accorded a presumption of validity, that argument cannot be raised on appeal as it involves a factual finding and was not raised before the bankruptcy court. *PACCAR Inc. v. TeleScan Technologies, L.L.C.,* 319 F.3d 243 (6th Cir.2003) ("Arguments that were not raised below may not be asserted on appeal"); *see also Kimes v. Stone,* 84 F.3d 1121, 1126 (9th Cir.1996) ("A court may review an issue raised for the first time on appeal only to prevent a miscarriage of justice or when a change in the law raises a new issue while an appeal is pending, or when the issue is purely one of law.")

able Harry S. Mattice, Jr., United States District Judge, having rendered a decision on the appeal,

It is **ORDERED and ADJUDGED** that the Order of April 14, 2008 is **AFFIRMED.**